**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Barbara Chandler, a single woman, | ) | No. CV-06-1564-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **NOTICE OF ASSIGNMENT** |
| | ) | **AND ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| Joseph Pena and Jane Doe Pena, husband | ) | |
| and wife, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Local Rule 3.8(a), LRCiv, Rules of Practice, effective December 1, 2005, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

As a result of the aforesaid Order and Rule, if all parties consent in writing, the case will remain with the assigned Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge. To either consent to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The party filing the case or

---

[1]The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on"Forms" on the left side of the page and then click on and print the appropriate

1   removing it to this Court is responsible for serving all parties with the consent forms. Each
2   party must file a completed consent form and certificate of service with the Clerk of the
3   Court not later than 20 days after entry of appearance, and must serve a copy by mail or hand
4   delivery upon all parties of record in the case.

5       Any party is free to withhold consent to magistrate judge jurisdiction without adverse
6   consequences.   28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; <u>Anderson v. Woodcreek</u>
7   <u>Venture Ltd.</u>, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the
8   "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. §636(c).

9       A review of the Court's file indicates that Plaintiff's Complaint was filed on June 15,
10  2006.  Plaintiff shall have until July 14, 2006 within which to make her selection to  either
11  consent to magistrate judge jurisdiction or elect to proceed before a United States district
12  judge.  It is unknown if a copy of the appropriate consent form which was electronically
13  transmitted  to Plaintiff's counsel on June 15, 2006 by the Clerk's office was served with the
14  Complaint per the written instructions from the Clerk.

15      Accordingly,

16      **IT IS ORDERED** that Plaintiff shall file on or before **July 14, 2006** her written
17  election  to either consent to magistrate judge jurisdiction or elect to proceed before a United
18  States district judge.

19      **IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendants the
20  appropriate consent form electronically transmitted on June 15, 2006 by the Clerk's office
21   at the time of service of her Complaint upon the Defendants.

22      **IT IS FURTHER ORDERED** that Defendants, and each of them,  shall either
23  consent to magistrate judge jurisdiction or elect to proceed before a district judge within
24  twenty (20) days of each Defendant's formal appearance herein.

25      **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall
26  hereinafter comply with the Rules of Practice for the United States District Court for

27  _____

28  form.

the District of Arizona, as amended on December 1, 2005.  The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

All other rules may be found as www.uscourts.gov/rules/.  The fact that a party is acting pro se does not discharge this party's duties to "abide by the rules of the court in which he litigates." Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

DATED this 5th day of July, 2006.

Lawrence O. Anderson
United States Magistrate Judge