**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Chandler, a single woman, ) | No. CV-06-1564-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Pena and Jane Doe Pena, husband ) | |
| and wife, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter arises on Plaintiff's Motion to Extend Time to Serve Complaint (docket # 6), filed on October 17, 2006.

A review of the Court's file reveals that Plaintiff filed this 42 U.S.C. § 1983 suit on June 15, 2006. Service of process has not been effectuated to date because, as Plaintiff explains in the subject motion, she and her counsel were confronted with the dilemma of the statute of limitations running on her federal § 1983 claim but because she lost her declaratory judgment action in state trial court, she is seeking relief and reversal from the Arizona Court of Appeals.  Plaintiff candidly admits that "[i]f she [does] not prevail in the declaratory judgment action [on appeal], she [can] pursue her § 1983 claim." (docket # 6 at 1)  Plaintiff indicates that oral argument on her appeal was held on September 6, 2006 and the matter is under advisement. It is speculation as to when the Arizona Court of Appeals will issue its appellate ruling. Plaintiff seeks to preserve her federal rights in the event she prevails on the

1  state appeal and does not wish to pursue meritless federal court litigation.  Surprisingly,
2  Plaintiff seeks only a sixty-day extension to serve this lawsuit if she prevails on appeal. In
3  light of her candid admissions, the Court anticipates that if Plaintiff loses after completing
4  the state appellate process, she will voluntarily dismiss this federal lawsuit.

5  Pursuant to FED.R.CIV.P. 4(m) that "[i]f service of the summons and complaint
6  is not made upon a defendant within 120 days after the filing of the complaint, the court,
7  upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action
8  without prejudice as to that defendant."  It also provides that "if plaintiff shows good cause
9  for the failure, the court shall extend the time for service for an appropriate period." Thus,
10 the Court may dismiss an action where a plaintiff fails to show "good cause" for failing to
11 serve the summons and complaint within the 120 day period. *Townsel v. County of Contra
12 Costa*, 820 F.2d 319 (9th Cir. 1987); *In re Sheehan*, 2001 WL 682453 (9th Cir. 2001); *Mann
13 v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003) ("[] we address whether the district court
14 had the discretion to extend the time to serve process even after the 120-day period had
15 expired. We conclude that it did.").

16 Good cause appearing for extending time for service of process,

17 **IT IS ORDERED** that Plaintiff shall serve the subject Complaint or
18 voluntarily move to dismiss this federal Complaint **within 30 days** after Plaintiff's state
19 appeal becomes final.

20 **IT IS FURTHER ORDERED** that if service of process or dismissal of
21 Plaintiff's Complaint has not occurred by **Friday, June 1, 2007**, this case will be
22 automatically dismissed without prejudice by the Court *sua sponte* pursuant to FED.R.CIV.P.
23 41(b)(lack of prosecution) and Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(trial
24 courts have the inherent power to control their dockets and in the exercise of that power they
25 may impose sanctions including, where appropriate, dismissal of a case) unless prior to the
26 scheduled dismissal date Plaintiff files a written status report explaining why service has not
27 / / /
28 / / /

been completed and demonstrates due diligence in the prosecution of the state appeal and/or this federal litigation.

DATED this 20th day of October, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge