**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Barbara Chandler, | ) | No. CV-06-1564-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Pena and Denise McKenna Pena, husband and wife, | ) | |
| Defendants. | ) | |

This matter has been assigned to the undersigned United States Magistrate Judge. Pursuant to Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv.") 16.2(b)(3), as modified on December 1, 2006, this action is designated a standard track case.

Pursuant to Rule 16, FED.R.CIV.P., a Rule 16 scheduling conference is set for **Thursday, June 7, 2007 at 10:00 a.m.** in Courtroom 302, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. In preparation for this case management conference, it is hereby ordered as follows:

A.    Initial Disclosures.

The parties shall provide initial disclosures in the form and on the schedule required by Rule 26(a)(1), FED.R.CIV.P. The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

B.    Rule 26(f) Meeting and Case Management Rreport.

The parties are directed to meet and confer at least **10 days** before the scheduling conference as required by Rule 26(f), FED.R.CIV.P. At this meeting the parties

shall develop a joint Case Management Report which contains the following information in separately numbered paragraphs:

1.      The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

2.      A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.      A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

4.      The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

5.      Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6.      A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days after the Rule 16 scheduling conference to join parties or amend pleadings);

7.      A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Fed. Rules of Evidence 702, 703, 704, and 705);

8.      Whether the case is suitable for reference to a different United States

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

1    magistrate judge for a settlement conference;

2         9.    The status of related cases pending before other courts or other judges of this

3    Court;

4         10.    A statement of when the parties exchanged Rule 26(a), FED.R.CIV.P., initial

5    disclosures;

6         11.    A discussion of any issues relating to disclosure or discovery of electronically

7    stored information, including the form or forms in which it should be produced (*see*

8    Rules 16(b)(5), 26(f)(3));

9         12.    A discussion of any issues relating to claims of privilege or work product (*see*

10   Rules 16(b)(6), 26(f)(4));

11        13.    A discussion of necessary discovery, including:

12             a.    The extent, nature, and location of discovery anticipated by the parties;

13             b.    Suggested changes, if any, to the discovery limitations imposed by the

14                   Federal Rules of Civil Procedure and LRCiv. 16.2;

15             c.    The number of hours permitted for each deposition, unless extended by

16                   agreement of the parties.

17        14.    Proposed specific dates for each of the following (deadlines should fall on a

18   Friday unless impracticable):

19             a.    A deadline for filing motions to amend pleadings and motions to

20                   join additional parties, if appropriate.

21             b.    Dates for full and complete expert disclosures under Rule 26(a)(2)(A)-

22                   (C), FED.R.CIV.P.;

23             c.    A deadline for the completion of fact discovery;[2]

24

25   _____

26   [2] The discovery deadline is the date by which all discovery must be **completed**. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure

27   reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this

28   deadline.

- 3 -

1                d.      A deadline for filing dispositive motions;

2        15.     Whether a jury trial has been requested and whether the request for a jury trial

3 is contested (if the request is contested, briefly set forth the reasons);

4        16.     The estimated length of trial and any suggestions for shortening the trial;

5        17.     The prospects for settlement, including any request of the Court for assistance

6 in settlement efforts; and

7        18.     Any other matters that will aid the Court and parties in resolving this case in

8 a just, speedy, and inexpensive manner as required by Rule 1, FED.R.CIV.P..

9               The parties shall jointly file the Case Management Report with the Clerk not

10 less than **seven days** before the Rule 16 conference.  It is the responsibility of Plaintiff(s) to

11 initiate the Rule 26(f) meeting and, absent an agreement to the contrary, preparation of the

12 joint Case Management Report.  Defendant(s) shall promptly and cooperatively participate

13 in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

14 C.     Case Management Conference and Order.

15               The Court directs counsel to Rule 16, FED.R.CIV.P., for the objectives of the

16 Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for

17 each party shall appear and participate in the Case Management Conference and shall have

18 authority to enter into stipulations regarding all matters that may be discussed.

19 A continuance of the Rule 16 conference will be granted only for good cause and will not be

20 granted beyond the time limit set forth in Rule 16(b), FED.R.CIV.P.

21               During or after the Case Management Conference the Court will enter a

22 scheduling order.  The Court fully intends to enforce the deadlines in the scheduling order.

23 The parties should plan their litigation activities accordingly.

24 D.     Other Matters.

25               Counsel for all parties are expected to comply fully with the Federal and Local

26 Rules of Practice and to minimize the expense of discovery.  Counsel should ensure that all

27 pleadings comply with LRCiv. 7.1 and 7.2.

28               Out-of-state counsel may participate in the scheduling conference by telephone

1   with prior approval by the Court by contacting the Court at (602) 322-7620.

2           The Clerk of the Court shall send copies of this Order to all counsel of record

3   and to any parties appearing *in propria persona*.

4           DATED this 9th day of May, 2007.

5

6

7                               Lawrence O. Anderson
                                United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Barbara Chandler, | ) | No. CV-06-1564-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Pena and Denise McKenna Pena, husband and wife, | ) | |
| Defendants. | ) | |

This matter has been assigned to the undersigned United States Magistrate Judge.  Pursuant to Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv.") 16.2(b)(3), as modified on December 1, 2006, this action is designated a standard track case.

Pursuant to Rule 16, FED.R.CIV.P., a Rule 16 scheduling conference is set for **Thursday, June 7, 2007 at 10:00 a.m.** in Courtroom 302, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.  In preparation for this case management conference, it is hereby ordered as follows:

A.     Initial Disclosures.

The parties shall provide initial disclosures in the form and on the schedule required by Rule 26(a)(1), FED.R.CIV.P.  The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

B.     Rule 26(f) Meeting and Case Management Rreport.

The parties are directed to meet and confer at least **10 days** before the scheduling conference as required by Rule 26(f), FED.R.CIV.P.  At this meeting the parties

shall develop a joint Case Management Report which contains the following information in separately numbered paragraphs:

1.    The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

2.    A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.    A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

4.    The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

5.    Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days after the Rule 16 scheduling conference to join parties or amend pleadings);

7.    A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Fed. Rules of Evidence 702, 703, 704, and 705);

8.    Whether the case is suitable for reference to a different United States

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

1   magistrate judge for a settlement conference;

2          9.      The status of related cases pending before other courts or other judges of this

3   Court;

4          10.     A statement of when the parties exchanged Rule 26(a), FED.R.CIV.P., initial

5   disclosures;

6          11.     A discussion of any issues relating to disclosure or discovery of electronically

7   stored information, including the form or forms in which it should be produced (*see*

8   Rules 16(b)(5), 26(f)(3));

9          12.     A discussion of any issues relating to claims of privilege or work product (*see*

10  Rules 16(b)(6), 26(f)(4));

11         13.     A discussion of necessary discovery, including:

12                 a.      The extent, nature, and location of discovery anticipated by the parties;

13                 b.      Suggested changes, if any, to the discovery limitations imposed by the

14                         Federal Rules of Civil Procedure and LRCiv. 16.2;

15                 c.      The number of hours permitted for each deposition, unless extended by

16                         agreement of the parties.

17         14.     Proposed specific dates for each of the following (deadlines should fall on a

18  Friday unless impracticable):

19                 a.      A deadline for filing motions to amend pleadings and motions to

20                         join additional parties, if appropriate.

21                 b.      Dates for full and complete expert disclosures under Rule 26(a)(2)(A)-

22                         (C), FED.R.CIV.P.;

23                 c.      A deadline for the completion of fact discovery;[2]

24

25

26  [2] The discovery deadline is the date by which all discovery must be **completed**. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

27

28

1          d.      A deadline for filing dispositive motions;

2          15.     Whether a jury trial has been requested and whether the request for a jury trial

3  is contested (if the request is contested, briefly set forth the reasons);

4          16.     The estimated length of trial and any suggestions for shortening the trial;

5          17.     The prospects for settlement, including any request of the Court for assistance

6  in settlement efforts; and

7          18.     Any other matters that will aid the Court and parties in resolving this case in

8  a just, speedy, and inexpensive manner as required by Rule 1, FED.R.CIV.P..

9          The parties shall jointly file the Case Management Report with the Clerk not

10  less than **seven days** before the Rule 16 conference.  It is the responsibility of Plaintiff(s) to

11  initiate the Rule 26(f) meeting and, absent an agreement to the contrary, preparation of the

12  joint Case Management Report.  Defendant(s) shall promptly and cooperatively participate

13  in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

14  C.    Case Management Conference and Order.

15          The Court directs counsel to Rule 16, FED.R.CIV.P., for the objectives of the

16  Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for

17  each party shall appear and participate in the Case Management Conference and shall have

18  authority to enter into stipulations regarding all matters that may be discussed.

19  A continuance of the Rule 16 conference will be granted only for good cause and will not be

20  granted beyond the time limit set forth in Rule 16(b), FED.R.CIV.P.

21          During or after the Case Management Conference the Court will enter a

22  scheduling order.  The Court fully intends to enforce the deadlines in the scheduling order.

23  The parties should plan their litigation activities accordingly.

24  D.    Other Matters.

25          Counsel for all parties are expected to comply fully with the Federal and Local

26  Rules of Practice and to minimize the expense of discovery.  Counsel should ensure that all

27  pleadings comply with LRCiv. 7.1 and 7.2.

28          Out-of-state counsel may participate in the scheduling conference by telephone

1  with prior approval by the Court by contacting the Court at (602) 322-7620.

2        The Clerk of the Court shall send copies of this Order to all counsel of record

3  and to any parties appearing *in propria persona*.

4        DATED this 9th day of May, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 5 -